UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY L. PANSIER, et al.,

    Plaintiffs,

    v.    Case No. 19-C-1906

UNITED STATES OF AMERICA,

    Defendant.

## DECISION AND ORDER

Plaintiffs Joan and Gary Pansier brought this action against the United States of America under 26 U.S.C. §§ 7432 and 7433, alleging that the United States of America failed to release a tax lien and engaged in unauthorized collection activities. Presently before the court is the United States' motion to dismiss and Joan Pansier's motions for judgment on the pleadings and motion to substitute a party. For the following reasons, Joan Pansier's motions are denied, the United States' motion to dismiss is granted, and the case will be dismissed.

## BACKGROUND

In December 2017, the United States commenced a collection suit against the Pansiers, seeking a judgment for Gary Pansier's unpaid 1995 through 1998 assessed federal tax liabilities and for Joan and Gary Pansiers' 1999 through 2006 and 2014 assessed federal tax liabilities. Shortly thereafter, the Pansiers filed for bankruptcy under Chapter 7 of the Bankruptcy Code, and the collection suit was stayed. While bankruptcy proceedings were ongoing, the Pansiers filed this suit, alleging that the United States, through the IRS, failed to release a federal tax lien and engaged in various unauthorized collection activities, including the issuance of unauthorized administrative levies.

More specifically, the Pansiers claim that the statute of limitations for collecting Gary Pansier's tax debts from 1995 through 1998 expired on June 21, 2015, and that by failing to release the tax lien for those years after June 21, 2015, the IRS violated § 7432. The Pansiers also claim that the IRS violated § 7433 when it issued administrative levies and engaged in other collection activities relating to Gary Pansier's 1995 through 1998 tax liabilities after June 21, 2015. The Pansiers seek damages in the amount of $28,323.89, plus court costs, and any further relief this court deems just.

The United States filed a motion to dismiss on April 20, 2020. Joan Pansier filed a motion for judgment on the pleadings and response to the motion to dismiss on May 18, 2020, and an amended motion for judgment on the pleadings and response on June 25, 2020. On July 1, 2020, the United States filed a suggestion of death indicating that Gary Pansier passed away on April 28, 2020. Joan Pansier filed a motion to substitute on July 20, 2020, alleging that she is the sole representative and proper party in the action.

## ANALYSIS

Joan Pansier filed a motion for judgment on the pleadings and an amended motion for judgment on the pleadings. A party may only move for judgment on the pleadings after the filing of the complaint and answer. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002) (citing Fed. R. Civ. P. 12(c)). Here, the United States filed a motion to dismiss in lieu of an answer to the complaint. As a result, a motion for judgment on the pleadings is premature as a matter of law. Joan Pansier's motions for judgment on the pleadings are therefore denied, and the court will turn to the United States' motion to dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the

2

Case 1:19-cv-01906-WCG   Filed 08/28/20   Page 2 of 7   Document 20

court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

### A. Joan Pansier's claims

The United States argues that Joan Pansier cannot assert claims under §§ 7432 and 7433 because the United States has not consented to suit by her. As a sovereign, the United States cannot be sued unless Congress has authorized suit by waiving immunity. *See United States v. Sherwood*, 312 U.S. 584, 586–87; *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Waivers are not implied and are construed narrowly against the plaintiff." *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957) ("[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.")).

Section 7432 provides that, when an officer or employee of the IRS "knowingly, or by reason of negligence, fails to release a lien . . . on property of the taxpayer, *such taxpayer* may bring a civil action for damages against the United States." 26 U.S.C. § 7432 (emphasis added). And section 7433 states that, when an officer or employee of the IRS recklessly or intentionally, or by reason of negligence, "disregards any provision of [Title 26], or any regulation promulgated under [Title 26], *such taxpayer* may bring a civil action for damages against the United States." 26 U.S.C. § 7433 (emphasis added). The language chosen by Congress here, "such taxpayer," indicates that only the taxpayer who was subjected to the wrongful activity can bring suit under §§ 7432 and 7433. *See Gessert*, 703 F.3d at 1033 (noting that the plain language of § 7433 limits relief to the taxpayer who was subjected to the wrongful activity and that the Code does not permit recovery by third parties harmed by the activity). In other words, Joan Pansier can only assert

3

claims under §§ 7432 and 7433 if she was the taxpayer who was subjected to the wrongful activity alleged.

A review of the complaint reveals that Joan Pansier seeks to invoke §§ 7432 and 7433 for the purpose of recovering damages based on IRS activities related to *Gary Pansier's* assessed federal tax liabilities for the tax years 1995 through 1998. Put simply, Joan Pansier is not the taxpayer that was "subjected to the wrongful activity," and is, at most, a "third part[y] harmed by the activity." *Gessert*, 703 F.3d at 1033. Thus, Joan Pansier cannot assert claims under §§ 7432 and 7433.

Joan Pansier maintains that she can bring suit because Wisconsin is a marital property state, giving her an interest in some of the funds seized by the IRS when it issued an administrative levy on Gary Pansier's pension. But the fact that part of the Pansiers' marital estate was damaged by the IRS issuing an administrative levy on Gary Pansier's pension is immaterial to this analysis. Courts have routinely dismissed §§ 7432 and 7433 claims where the plaintiff asserts her property was improperly subjected to IRS collection activities undertaken for the purpose of satisfying her spouse's tax liability. *See, e.g.*, *Parker v. United States*, No. 09CV1394, 2010 WL 3894977, at *4 (S.D. Cal. Sept. 29, 2010) (dismissing plaintiff's § 7432 claim for lack of standing where IRS filed a tax lien against plaintiff's property solely to satisfy her ex-husband's tax liability); *Green v. United States*, No. CIV-02-1670-c, 2003 WL 22871931, at *2 (W.D. Okla. Oct. 16, 2003) (dismissing § 7432 claim brought by widow of deceased taxpayer because widow was not the individual from whom the IRS was trying to collect). The IRS sought to collect against Gary Pansier, not Joan Pansier. Thus, Joan Pansier's §§ 7432 and 7433 claims are dismissed.

**B. Gary Pansier's claims**

On July 1, 2020, the United States filed a suggestion of death indicating that Gary Pansier passed away on April 28, 2020. Joan Pansier filed a motion requesting that the court substitute

4

her as a party for Gary Pansier. Rule 25 of the Federal Rules of Civil Procedure addresses the substitution of a party upon death and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed R. Civ. P. 25(a)(1). The United States asserts that Gary Pansier's §§ 7432 and 7433 claims should be dismissed because those claims did not legally survive his death. "Whether an action survives the death of a party must be determined by looking to the law, state or federal, under which the cause of action arose." *Schimpf v. Gerald, Inc.*, 2 F. Supp. 2d 1150, 1153 (E.D. Wis. 1998) (citation omitted). The United States maintains that, under the applicable law, Gary Pansier's §§ 7432 and 7433 damages claims were extinguished upon his death. To repeat, under §§ 7432 and 7433, only "such taxpayers" are allowed to bring claims under those statutes. The court has been unable to find a case that has addressed whether §§ 7432 and 7433 claims survive the death of "such taxpayer." But those courts that have addressed the issue with respect to neighboring statute § 7431 have precluded an estate of "such taxpayer" or the widow of the estate of "such taxpayer" from bringing suit under the statute.

For instance, in *United States v. Garrity*, 187 F. Supp. 2d 350 (D. Conn. 2016), the United States brought an action to collect an outstanding civil penalty from the Estate of Paul G. Garrity, Sr. The Estate moved to add a proposed counterclaim to obtain damages pursuant to § 7431. The United States asserted that the Estate should not be permitted to bring the proposed counterclaim because § 7431 did not provide it with a private right of action. Section 7431(a) provides:

> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

5

26 U.S.C. § 7431(a). "Given the clear text of the statute and the strict construction of waivers of sovereign immunity," the court concluded "the private cause of action in Section 7431 is limited to claims brought by taxpayers whose return information has been disclosed." 187 F. Supp. 3d at 354. The court observed that the "taxpayer" whose "return information" was disclosed was Paul Garrity, Sr., not the Estate. The court found that "the plain reading and one consistent with construing waivers of sovereign immunity narrowly is that the Estate is not 'such taxpayer' and may not bring suit." *Id.* The court rejected the Estate's argument that it may sue under § 7431 because it is a legal continuation of the deceased taxpayer. It explained that the plain language of the statute "does not embrace such a broad class of plaintiffs, which would also sweep in assignees and all other manner of successors-in-interest." *Id.* "[B]ecause 'such taxpayer' does not include the Estate in this case," the court held that "the Estate has no cause of action for damages." *Id.* at 356.

Similarly, in *Green v. United States*, No. CIV-02-1670-C, 2003 WL 22871931 (W.D. Okla. Oct. 16, 2003), the plaintiff filed an action alleging improper collection activities by the IRS relating to taxes on her deceased husband's estate. The United States argued that the plaintiff failed to state a claim for relief. The court explained that only the person directly responsible for the tax is allowed to assert a claim and held that the wife of the decedent's estate could not bring damages claims under §§ 7431, 7432, or 7433 because she was not the "taxpayer" contemplated by the statutes. *Id.* at *1–3.

The court finds the reasoning of these cases persuasive. The plain language of §§ 7432 and 7433 restricts who can sue under those statutes to "such taxpayer," or the "direct taxpayer." *See Gessert*, 703 F.3d at 1033; *Garrity*, 187 F. Supp. 3d at 353–54 ("Two neighboring statutes in the Internal Revenue Code, Sections 7432 and 7433, similarly permit 'such taxpayer' to bring a

civil action for damages against the United States. Courts have also interpreted the phrase 'such taxpayer' in those statutes as referring only to the 'direct taxpayer,' *i.e.*, the individual from whom the IRS seeks to collect taxes." (citations omitted)). Given the plain meaning of the statutes and the principle that waivers of sovereign immunity are narrowly construed, there is no reason to believe Congress meant to extend the damages remedy to a broad class of plaintiffs. Congress could have, but did not, use broader language in identifying persons who may sue under §§ 7432 and 7433. Because an estate or any successor party in interest is not "such taxpayer," it cannot continue a damages action upon the taxpayer's death. Gary Pansier's claims extinguished upon his death and are therefore dismissed. Accordingly, Joan Pansier's motion to substitute the successor as the proper party is denied.

## CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (Dkt. No. 7) is **GRANTED**, Joan Pansier's motion to substitute successor as proper party (Dkt. No. 18) is **DENIED**, and her motion for judgment on the pleadings (Dkt. No. 11) and amended motion for judgment on the pleadings (Dkt. No. 15) are **DENIED** as premature. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
